862 F.2d 870
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Talmadge ALFORD, Defendant-Appellant.
 No. 87-5627.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 17, 1988.
Decided: Nov. 17, 1988.
 
 Timothy Clay Kulp, for appellant.
 Vinton D. Lide, United States Attorney; Robert Claude Jendron, Jr., First Assistant United States Attorney (Office of the United States Attorney), for appellee.
 Before K.K. HALL, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Talmadge Alford was convicted for his part in a conspiracy to pay off government inspectors for verifying work not actually done, which resulted in payments based on the fraudulent reports. Alford challenges the sufficiency of the evidence showing that he was part of the conspiracy.[1] We reject Alford's claim, finding ample evidence to support the conviction.
 
 
 2
 * Briefly stated, the evidence at trial showed that Alford was a bookkeeper-accountant for the National Roofing and Painting Corporation (NRPC). Alford was entirely responsible for the financial operation of NRPC, including disbursements of funds. NRPC obtained a contract with the United States Navy to do maintenance on naval housing at the naval base at Charleston, South Carolina. Van Ogburn, an officer in NRPC and the supervisor of the Charleston contract, testified for the government. Ogburn testified that he and Alford were in regular contact[2] and that in the early months of the conspiracy[3] Alford questioned him regarding excessive payments from the petty cash fund. Ogburn told Alford of the scheme to get inspectors to verify bogus claims and Alford told Ogburn to get (bogus) receipts to back up checks being written. Ogburn also testified that, on a later occasion, Alford tried to get Ogburn to "slow down" paying off the inspectors in order to pay outstanding bills, but that Ogburn told him the scheme was too profitable to discontinue. Alford continued making disbursements of funds on the Charleston contract until NRPC went out of business.[4]
 
 II
 
 3
 Alford bases his challenge on the rule that, in order to establish participation in a conspiracy, the government must show more than mere knowledge of the conspiracy and/or mere association with the conspirators. See United States v. Falcone, 311 U.S. 205 (1940); United States v. Casperson, 773 F.2d 216, 221 (8th Cir.1985). In support of his argument, Alford notes that there is no evidence that he shared in any profits of the conspiracy, forged any documents, paid any pay-offs, participated in any meetings related to the conspiracy, or obtained or saw any receipts for the petty cash fund. Thus, the argument goes, Alford's role was minimal and insufficient to establish participation in the conspiracy.
 
 
 4
 We agree with Alford's statement of the law--the government must show more than mere knowledge or guilty association to show Alford's participation in the conspiracy. The government must show that Alford committed an overt act, or acts, in furtherance of the conspiracy. United States v. Norris, 749 F.2d 1116, 1121 (4th Cir.1984), cert. denied, 471 U.S. 1065 (1985). However, we take a view different from Alford as to the significance of the evidence presented. We observe that the evidence shows that, although Alford was not an initiator of this fraudulent scheme, he played an important role in perpetuating the conspiracy by advising Ogburn how to prevent detection through the use of bogus receipts. Moreover, by disbursing funds for 16 months with knowledge of their intended use, Alford made it possible for the scheme to continue unabated. We consider this direct evidence of Alford's participation in contributing to the continued, efficient operation of the conspiracy and ample to establish his guilt. Cf. United States v. Alemany-Rivera, 781 F.2d 229 (1st Cir.1985), cert. denied, 475 U.S. 1086 (1986); United States v. Carruth, 699 F.2d 1017 (9th Cir.1983), cert. denied, 464 U.S. 1038 (1984). The fact that there is no evidence that Alford profited from his actions does not change our view. See United States v. Alemany-Rivera, 781 F.2d at 237 n. 9. Based on the foregoing, we deem the evidence to be substantial and therefore, sufficient. United States v. Jones, 735 F.2d 785, 790 (4th Cir.), cert. denied, 469 U.S. 918 (1984).
 
 
 5
 Accordingly, we affirm Alford's convictions.[5] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Alford also challenges the sufficiency of the evidence related to the substantive offenses for which he was convicted. However, Alford concedes that the determination of this secondary claim is wholly dependent on the resolution of the conspiracy claim. Therefore, we need not specifically address this other claim
 
 
 [2]
 Alford worked at the central office of NRPC in Gulf Breeze, Florida
 
 
 [3]
 The conspiracy had been in effect for five months when Alford began his association with the conspiracy
 
 
 [4]
 Alford was involved with the Charleston contract for approximately 21 months
 
 
 [5]
 Because Alford concedes that his guilt on the substantive offenses is wholly dependent on our resolution of the conspiracy claim, see n. 1 supra, we affirm those counts in accord with our decision on the conspiracy count